T.C. Summary Opinion 2007-112

UNITED STATES TAX COURT

JACK DANIEL CHAVEZ, SR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 23941-04S, 2374-06S.      Filed July 2, 2007.

<u>Paul S. Braun</u>, for petitioner.

<u>Kathleen Schlenzig</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  These cases were
consolidated and heard pursuant to the provisions of section 7463
of the Internal Revenue Code in effect at the time the petitions
were filed.  Pursuant to section 7463(b), the decisions to be
entered are not reviewable by any other court, and this opinion
shall not be treated as precedent for any other case.  Unless
otherwise indicated, subsequent section references are to the

Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes for the years 2002 and 2003 in the amounts of $4,563 and $4,237, respectively. The sole issue for decision is whether petitioner is entitled to an alimony deduction in the amount of $16,937 for each of the taxable years in issue.

## Background

The stipulation of facts and the attached exhibits are incorporated herein by reference. At the time the petitions were filed, petitioner resided in Lansing, Illinois.

Petitioner and his former spouse, Debra Chavez (Ms. Chavez) were married on September 4, 1971, in Cook County, Illinois. Three children were born of the marriage. On June 7, 2001, a Judgment of Dissolution of Marriage (Judgment) was entered in the Circuit Court of Cook County, Illinois, Domestic Relations Division (circuit court). At the time that the Judgment was entered, one of the three children was a minor.

In paragraph 1.2, Article I, of the Judgment, the circuit court ordered petitioner to make monthly payments described as "unallocated child support." Paragraph 1.3, Article I, states that the payments would cease on October 1, 2003, the 19th birthday of petitioner's youngest daughter. The Judgment is silent otherwise as to whether the payments or any part thereof,

were to be deductible as alimony by petitioner and includable as gross income by Ms. Chavez. The Judgment itself is also silent as to whether petitioner's obligation to make the payments would survive Ms. Chavez's death.

In addition to the aforementioned Judgment, petitioner submitted, and the Court received into evidence, over respondent's objection, three additional orders of the circuit court. The first, entered on June 18, 2003, required petitioner to pay $705.74 to Ms. Chavez every 2 weeks as "unallocated child support and maintenance" until a rehearing scheduled for August 20, 2003. In this order, the circuit court judge designated that $604 of the $705.74 be characterized as "maintenance." Although the record is silent on the matter, we assume that either this rehearing did not occur or petitioner continued to make these payments of his own accord through the end of 2003.

The second order, entered on July 23, 2004, required that petitioner pay $757.52 to Ms. Chavez monthly for a period of 12 months. Finally, a third order, entered on August 30, 2005, required that petitioner pay $600 per month to Ms. Chavez through October 5, 2005. In his petition, petitioner maintains that these orders show that at least a portion, if not all, of the unallocated child support paid by petitioner to Ms. Chavez in 2003, 2004, and 2005, was for maintenance and accordingly, should entitle him to alimony deductions in taxable years 2002 and 2003.

## Discussion

The Commissioner's determinations are presumed correct, and taxpayers generally bear the burden of proving otherwise. <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Petitioner did not argue that section 7491 is applicable in these cases, nor did he establish that the burden of proof should shift to respondent. Moreover, the issue involved in these cases, alimony, is a legal one to be decided on the record without regard to the burden of proof. Petitioner, therefore, bears the burden of proving that respondent's determinations in the notices of deficiency are erroneous. See Rule 142(a); <u>Welch v. Helvering</u>, <u>supra</u> at 115.

An individual may deduct from his or her gross income the payments he or she made during a taxable year for alimony or separate maintenance. Sec. 215(a).

Section 71(b)(1) defines "alimony or separate maintenance payment" as any payment in cash if:

> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

> (B) the divorce or separation instrument does not designate such payment as a payment which is not includable in gross income under this section and not allowable as a deduction under section 215,

> (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

The test under section 71(b)(1) is conjunctive; a payment is deductible as alimony only if all four requirements of section 71(b)(1) are present.  See Jaffe v. Commissioner, T.C. Memo. 1999-196.  Moreover, any payment which is payable for the support of children of the payor spouse is neither includable in income under section 71 nor deductible under section 215.  Section 71(c)(2) provides that if any amount specified in the divorce or separation instrument will be reduced on the happening of a contingency relating to a child, such as attaining a specified age, the amount of the reduction will be treated as child support.

In this case, because the monthly payment prescribed in the Judgment is for "unallocated child support" it is clear that these payments were for child support only.  The Judgment, in fact, ends these payments upon the youngest child's 19th birthday. In short, all of these payments were child support, and petitioner is not entitled to any deduction for the payments pursuant to section 71(c).

Moreover, we are unconvinced by petitioner's argument that the intent of the parties is not reflected in the Judgment because the term "unallocated child support" is oxymoronic and

accordingly, void for vagueness.  We cannot think of any reason why the payments would have been characterized as child support in the Judgment if they were not intended to be for the support of the minor child.

Finally, we consider payments made by petitioner to Ms. Chavez in taxable year 2003.  Specifically, we consider the terms of the order dated June 18, 2003, which required petitioner to pay $705.74 every 2 weeks to Ms. Chavez, and whereby $604 of that amount was designated as "maintenance" through August 20, 2003. Petitioner contends that he should be entitled to a deduction for all of the payments that he made pursuant to this order in 2003. Respondent, in fact, conceded that petitioner is entitled to a deduction in the amount of $3,926 for taxable year 2003, which represents 6½ payments made by petitioner to Ms. Chavez under the June 18, 2003, order.  Accordingly, we must now decide whether petitioner is entitled to a deduction under section 71 for the balance of payments that he made in that year pursuant to the June 18, 2003, order.

In this case, because the order specifically delineates that $604 of the $705.74 payment be for "maintenance" and the remainder, $101.74, be for "unallocated child support", it is clear to us that this portion of the payments was intended for child support only.  In accordance with the aforementioned

section 71(c), we sustain respondent with respect to the balance of the payments made under the June 18, 2003, order.

Accordingly, and based on the foregoing facts and discussion, we hold that petitioner is not entitled to an alimony deduction under section 71 for taxable year 2002 and is not entitled to a deduction in 2003 for the balance of payments in excess of "maintenance" made pursuant to the June 18, 2003,[1] order.

<u>In docket No. 23941-04S, decision will be entered for respondent.  In docket No. 2374-06S, decision will be entered under Rule 155</u>.

---

[1] As they are dated in 2004 and 2005, respectively, we will not address the other orders previously discussed.